IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY V. TRITSIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 02052 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| BANKFINANCIAL CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Mary V. Tritsis, filed a two-count complaint, alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C § 1981a ("Title VII") and the Ledbetter Fair Pay Act, 42 U.S.C. § 2000e-5(e). Defendant, BankFinancial Corporation ("Corporation") moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, or alternatively, to convert the motion pursuant to Rule 12(d)(1) to a motion for summary judgment [9]. For the reasons set forth below, this Court grants the motion and dismisses the complaint.

**Background**

Plaintiff's two-count complaint alleges employment discrimination and retaliation stemming from her employment as a Senior Vice President with defendant Corporation. The complaint alleges that Tritsis began her employment around July 2003 and that she and the Corporation have been parties to a written employment agreement dated May 6, 2008, that has been amended several times. The most recent amended to the employment agreement extends through March 31, 2016, and is attached as an exhibit to the complaint. (Dkt. 1-1, Exhibit C).

Tritsis alleges that during her employment, she and other female executives were denied promotional opportunities that were provided to similarly situated male executives. Sometime in

1

2015, Tritsis learned that her employment agreement would not be extended beyond March 31, 2016. Tritsis notified Chief Executive Officer, F. Morgan Gasior on August 31, 2015, that she believed the refusal to extend her employment was retaliatory and gender based. BankFinancial F.S.B. offered to extend her employment agreement for an additional year, if she released her claims against it. Tritsis filed a charge of discrimination with the EEOC. This complaint followed.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Pursuant to Federal Rule of Civil Procedure 12(d), a district court cannot consider material outside of the complaint and its attachments without converting a Rule 12(b)(6) motion to a motion for summary judgment. *See* Fed. R. Civ. P 12(d). As an exception to this general rule, a court may consider documents attached to a motion to dismiss if they are central to plaintiff's claims. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

**Discussion**

Defendant Corporation moves to dismiss the complaint, arguing that the Corporation never employed Tritsis, and therefore, is not the appropriate defendant entity. Title VII defines

"employer" as: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person". 42 U.S.C. § 2000e(b). An "employee" is "an individual employed by an employer". 42. U.S.C. § 2000e(f). The Corporation asserts that the employment agreement attached to the complaint is between plaintiff and BankFinancial F.S.B., a separate entity from defendant.

A review of the complaint and attachments supports the conclusion that Tritsis was an employee of BankFinancial F.S.B. Despite plaintiff's allegation that defendant Corporation was her employer, the employment agreement was clearly between Tritsis and BankFinancial F.S.B. and makes no mention of the Corporation. There are no allegations in the complaint indicating a relationship between BankFinancial Corporation and BankFinancial F.S.B.

In her response in opposition to the motion to dismiss, Tritsis argues that they are joint employers. A "Title VII plaintiff might have *joint* employers." *Sklyarsky v. Means-Knaus Partners, LP*, 777 F.3d 892, 895 (7th Cir. 2015) (emphasis in original). However, there are no facts in the complaint to support her joint employer argument. Tritsis offers only the overlap between the Corporation and BankFinancial F.S.B.'s executive teams, *i.e.* Chief Executive Officer, Chief Financial Officer, General Counsel, and Executive Vice President of Human Resources, as evidence that the two entities are joint employers for purposes of Title VII. However, those facts were not included in the complaint. Moreover, "an entity other than the actual employer may be considered a 'joint employer' only if it exerted significant control over the employee." *Whitaker v. Milwaukee Cnty., Wis.*, 772 F.3d 802, 810 (7th Cir. 2014) (quoting *G. Heileman Brewing Co. v. NLRB*, 879 F.2d 1526, 1530 (7th Cir. 1989) (emphasis and internal quotation marks omitted)). The complaint is devoid of any allegations that the Corporation exerted any degree of control over Tritsis. This Court finds based on the face of the complaint and the attached employment agreement, Tritsis was not an employee

3

of the Corporation. Since a plaintiff may not amend her complaint through argument in an opposition brief, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011), this Court dismisses the complaint.

The Corporation argues that dismissal should be with prejudice because it would be futile for Tritsis to amend her complaint to allege liability against the Corporation under a joint employer theory. Alternatively, the Corporation argues that this Court should consider the motion as one for summary judgment since the parties have filed statements of material fact pursuant to Rule 56.1, and find the Corporation is entitled to judgment as a matter of law because there is no evidence that the Corporation exerted the requisite degree of control over Tritsis to be a joint employer and the Corporation does not have the requisite number of employees for Title VII to apply.

It appears that Tritsis simply named the wrong defendant. There is no dispute that she had an employment relationship with BankFinancial F.S.B. *See* Dkt. 15, Pl.'s Response to Def.'s L.R. 56.1 Statement of Facts, at ¶ 7. There is also no dispute that BankFinancial F.S.B. and the Corporation are separate entities. *Id.* at ¶ 5. In order for Tritsis to create a genuine issue of material fact on the issue of whether the Corporation is a joint employer she had to present evidence demonstrating a degree of control. Instead, she only presented evidence that they maintain the same executive team. That is not evidence of a joint employer. "The joint employer concept… is not based on the integration of two companies but instead looks to the control two separate companies exert over the same employee." *Ellsworth v. URS Constr. Servs.*, 04 C 3499, 2006 U.S. Dist. LEXIS 68404, 2006 WL 2714602, at *4 (N.D. Ill. Sept. 22, 2006) (citing *National Labor Relations Board v. Western Temp. Services, Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987)).

Additionally, the Corporation asserts that, with only six employees, it does not fall under the purview of Title VII, which only applies to employers with "15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See* 42

4

U.S.C. § 2000e(b). Generally, in joint employer situations the number of employees of each entity is not aggregated to meet the statutory minimum. *Ellsworth,* 2006 WL 2714602, at *4. In *Papa v. Katy Industries, Inc.*, the Seventh Circuit identified three scenarios where a court should aggregate the employees of separate companies for the purposes of defining "employer" under Title VII: (1) where the traditional conditions exist to "pierce the corporate veil;" (2) where the enterprise has split itself into separate companies with the express purpose of avoiding liability under Title VII; and (3) where the parent corporation may have directed the discriminatory act. 166 F.3d 937, 940-41 (7th Cir. 1999); *Wilson v. Comtrust L.L.C.*, 249 F. Supp. 2d 993, 997 (N.D. Ill. 2003). Because the Corporation did not present evidence of the number of its employees in its initial L.R. 56.1 statement of undisputed material facts, but only in a supplemental filing after Tritsis filed her responses, plaintiff has not had the opportunity to address this fact. Accordingly, this Court declines to enter summary judgment in favor of the Corporation at this time.

**Conclusion**

Based on the foregoing, this Court grants the Corporation's motion to dismiss [9]. Dismissal is without prejudice. However, plaintiff Tritsis must seek leave to amend her Complaint with sufficient facts from which this Court may reasonably infer that the Corporation is an employer within the meaning of Title VII. Status hearing is set for August 1, 2016, at 9:00 a.m.

IT IS SO ORDERED.

ENTERED:

Dated: June 30, 2016

SHARON JOHNSON COLEMAN