# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY V. TRITSIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 16-cv-2052 |
| | ) |
| BANKFINANCIAL CORPORATION, and | ) |
| BANKFINANCIAL F.S.B., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT BANKFINANCIAL CORPORATION'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant BankFinancial Corporation ("BankFinancial Corporation" or "Corporation") for its Rule 12(c) Motion for Judgment on the Pleadings in its favor and against Plaintiff Mary V. Tritsis' ("Plaintiff"), states as follows:

1. In the various iterations of amended complaints filed in this District Court action, Plaintiff originally asserted identical allegations of discrimination against two separate and distinct entities.

2. One defendant, Corporation, never employed Plaintiff, was mistakenly named in the original complaint, does not have the requisite number of employees to be subject to Title VII, and remained as the only defendant in the District Court litigation based solely on amended allegations relating to a purported "joint employer" theory of liability.

3. All but one of Plaintiff's claims against the second defendant, BankFinancial F.S.B. n/k/a BankFinancial, National Association ("Bank"), which was and still is her actual employer, were deemed untimely and dismissed with prejudice.

4. On March 27, 2017, Bank was dismissed from the federal court litigation and the parties were compelled to arbitrate Plaintiff's remaining claim against Bank based on an arbitration provision in Plaintiff's Employment Agreement.

5. After this Court compelled arbitration between Bank and Plaintiff, Corporation moved to stay litigation pending arbitration, arguing that Corporation can only be liable for the Title VII claims of gender discrimination under a purported "joint employer" theory if Plaintiff proves that claim against her actual employer Bank.

6. On July 6, 2017, this Court granted Corporation's motion for stay.

7. The JAMS proceeding has been completed and on May 9, 2018 JAMS entered a Final Arbitration Award in favor of Bank and against Plaintiff.

8. Bank has filed a motion to confirm the May 9, 2018 JAMS Arbitration Award.

9. Collateral estoppel precludes re-litigation of issues in a subsequent proceeding when (1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical.

10. Plaintiff was a party to the JAMS earlier proceeding and the issues of whether her allegations constituted gender discrimination were fully litigated and decided on the merits by Judge Keys as reflected in his May 9, 2018 ruling.

11. The resolution of the issue of Bank's alleged discrimination was necessary to the result and the identical allegations of discrimination, via a purported "joint employer" theory, are being asserted by Plaintiff, who participated in the JAMS proceeding, against Corporation before this Court.

12. Accordingly, collateral estoppel is applicable and precludes Plaintiff from attempting to re-litigate the same alleged discriminatory actions before this Court which she litigated before JAMS.

13. Moreover, since this Court previously recognized that a finding of liability against Corporation required a finding of liability against Bank, and since the JAMS arbitration ruling found no discrimination by Bank, Corporation cannot be liable under a

purported "joint employer" theory.

14. Corporation is therefore entitled to judgment on the pleadings, as a matter of law, relative to the joint employer Title VII claim that was stayed against Corporation pending the JAMS arbitration.

15. To the extent that Plaintiff attempts to argue that she should be allowed to pursue different allegations of discrimination against Corporation that were not ruled upon in the JAMS Arbitration, Corporation is nevertheless entitled to a judgment on the pleadings since, where a joint employer relationship is alleged, a plaintiff must demonstrate that each "joint employer" separately meets the Title VII statutory definition of "employer" before any Title VII liability may be imposed.

16. This Court has already ruled that Corporation does not separately meet the statutory definition of "employer."

17. Accordingly, this is yet another reason that Corporation is entitled to judgment on the pleadings.

Wherefore, for all the reasons stated in this Motion and in the accompanying Memorandum in Support of this Rule 12(c) Motion for Judgment on the Pleadings, Defendant BankFinancial Corporation respectfully requests that this Court enter an order granting judgment on the pleadings in favor of the Defendant BankFinancial Corporation and against Plaintiff Mary Tritsis and further requests such additional and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 27, 2018

/s/ James G. Argionis
One of the Attorneys for the Defendant
BankFinancial Corporation

Jack J. Carriglio
James G. Argionis
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7900
jcarriglio@cozen.com
jargionis@cozen.com

**CERTIFICATE OF SERVICE**

I, James G. Argionis, an attorney, hereby certify that on June 27, 2018, I caused to be electronically filed a true and correct copy of the foregoing **DEFENDANT BANKFINANCIAL CORPORATION'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using CM/ECF, which sent electronic notification of such filing to all Counsel of Record.

　　　　　　　　　　　　　　　　　　　　/s/ *James G. Argionis*
　　　　　　　　　　　　　　　　　　　　　　James G. Argionis